UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:18-CV-00308-DJH-LLK

CHRISTOPHER CLAYTON                                           PLAINTIFF

v.

TRI CITY ACCEPTANCE, INC. *et al*                            DEFENDANTS

## OPINION AND ORDER

Judge David J. Hale referred this matter to Magistrate Judge Lanny King for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. (Docket # 4). This matter is before the Court on Defendants Tri City and Byrd's Motion for Protective Order Staying Discovery. (Docket # 36).

### Factual and Procedural History

This matter arises out of a suit, filed originally by Plaintiff Clayton in Jefferson County Circuit Court, and later removed to this Court. The suit alleges Defendants Tri City and Byrd "unreasonably intruded upon [his] privacy and seclusion" when they "divulge[ed] [his] private financial and credit information to third[]parties . . . and the public at large [] by providing a copy of [his] Trans Union report during [Byrd's] deposition and testifying about the contents of the credit report on the record." (Docket # 7 at 3). He further alleges that Defendants obtained and used the report without a permissible purpose with a willful, or at least negligent, state of mind, creating noncompliance with the FRCA, 15 U.S.C. §§ 1681b, 1681n, and 1681o. (Id., at 4-5).

Judge Hale entered an Order on January 17, 2019 granting in part and denying in part, Defendants Tri City and Byrd's Motion to Dismiss Amended Complaint. (Docket # 13). Therein,

Judge Hale referred the matter to Judge King for a scheduling conference and entry of a scheduling order, referencing Docket # 4, his previous referral order. (Docket # 13).

Judge King conducted a Scheduling Conference pursuant to Federal Rule of Civil Procedure 16 and Judge Hale's Order. (Docket # 20). In the Scheduling Order, Judge King set a discovery timeline, with discovery set to close on November 15, 2019. (Id.).

On July 4, 2019, Defendants Tri City and Byrd filed a Motion for Summary Judgment (Docket # 23), to which Plaintiff Clayton filed a Response in Opposition (Docket # 28) and Defendants Tri City and Byrd Replied. (Docket # 30). That Motion has been submitted to Judge Hale for his consideration.

On August 1, 2019, the Defendant contacted the Court regarding potential discovery disputes. Judge King conducted a telephonic status conference on August 5, 2019 regarding these disputes. (Docket # 29). In attendance were Zachary Taylor for Plaintiff Christopher Clayton and Jason Todd Hardin for Defendants Tri City Acceptance, Inc. and Betty Byrd. Defendant Trans Union did not appear on the call. During this telephonic status conference, Mr. Hardin requested a stay of discovery pending resolution of the pending Motion for Summary Judgment. Judge King denied that oral Motion for Stay. (Docket # 33). Additionally, the parties discussed issues with scheduling the deposition of Defendant Byrd. (Id. at 2). The parties agreed to take the deposition of Plaintiff Clayton on August 20, 2019, and the deposition of Defendant Byrd on August 26, 2019. (Id.).

On August 23, 2019, Defendants Tri City and Byrd filed a Motion for Protective Order Staying Discovery. (Docket # 36). Defendants did so without first contacting the Court for a status conference, as required by the Scheduling Order. (Docket # 20 at 2). Defendants primarily assert

that discovery should be stayed pending resolution of their pending motion for summary judgment. Defendants further assert that Plaintiff made admissions during the deposition that defeat his claims, making further discovery in the case improper. (Id. at 6).

**Analysis**

As an initial matter, the Court notes that Defendants have previously moved to stay discovery, and that this Court has rejected that request. (Docket # 33). Defendants' current motion offers no new pertinent information that has not previously been discussed. The only new information relates to Defendants' Counsel's several allegations regarding the behavior of Plaintiff's Counsel at the Plaintiff's deposition. (Docket # 36). The Court makes no findings regarding these allegations, as they are not relevant to the issue at hand, specifically, the propriety of halting discovery because of Defendant's filing of his dispositive motion. Absent additional relevant information that would change the calculation, the Court's opinion remains unchanged. Defendants have filed their Motion for Summary Judgment and assert that this filing is enough to pause discovery for both parties. The filing of this Motion, despite Defendants' desires, does not provide a sufficient reason to halt discovery.

As this Court found in White v. Wal Mart Stores East, L.P., Case No. 5:18-cv-00034-TBR-LLK, 2018 WL 5083891, at *6 (W.D. Ky. Oct. 18, 2018), it is well established that the scope of discovery is within the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp.. 643 F.2d 1229, 1240 (6th Cir. 1981) (citing H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co., 536 F.2d 1115 (6th Cir. 1976)). This includes whether discovery should be stayed pending the resolution of a dispositive motion. Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999); Ohio Bell Tel. Co. v. Global NAPs Ohio, Inc., 2008 WL 641252, at *1 (S.D. Ohio Mar. 4,

2008) (*citing* <u>Chrysler Corp.</u>, 643 F.2d at 1229). Generally, the mere filing of a dispositive motion is insufficient to support a stay of discovery. <u>Baker v. Swift Pork Co.</u>, 2015 WL 6964702, at *1 (W.D. Ky. 2015 Nov. 10, 2015); <u>Boddie v. PNC Bank, NA</u>, 2012 WL 4088683, at *2 (S.D. Ohio Sept. 17, 2012) (*citing* <u>Gray v. First Winthrop Corp.</u>, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Courts in this district have ordered stays on discovery where "claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery,' or where 'discovery would be futile' if the motion to dismiss is granted." <u>Kentucky v. Marathon Petro. Co. LP</u>, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *8 (W.D. Ky. June 26, 2018) (*quoting* <u>Lani v. Schiller Kessler & Gomez, PLLC</u>, Civil Action No. 3:16CV-00819-GNS, 2017 WL 3092098, at *2 (W.D. Ky. Apr. 4, 2017) (citations omitted)). This Court has been more willing to stay discovery pending resolution of a Rule 12(b)(6) motion to dismiss than pending resolution of a motion for summary judgment. *Cf.* <u>White v. Wal-Mart Stores East L.P.</u>, Case No. 5:18-cv-00034-TBR-LLK, 2018 WL 5083891, at *6 (W.D. Ky. Oct. 18, 2018) (denying motion to stay discovery pending resolution of motion for summary judgment); *compare* <u>Lani v. Schiller Kessler & Gomez, PLLC</u>, Civil Action No. 3:16CV-00819-GNS, 2017 WL 3092098, at *2 (W.D. Ky. Apr. 4, 2017) (granting motion to stay discovery pending ruling on Rule 12 motion to dismiss).

Defendants' request that this Court make a dispositive finding in a discovery order. In this case, Defendants filed a pre-discovery motion to dismiss which was granted in part and denied in part. Defendants conducted the discovery necessary to support their Motion for Summary Judgment. Plaintiff should be allowed to conduct discovery to support his claims pending resolution of the Defendants' Motion for Summary Judgment.

## Order

IT IS HEREBY ORDERED that Defendants' Motion for Protective Order Staying Discovery is DENIED. (Docket # 36).

IT IS FURTHER ORDERED that Defendants are granted leave to file a Motion regarding issues with Plaintiff Clayton's deposition, as discussed during the August 23, 2019 status conference.

**IT IS SO ORDERED.**

**Lanny King, Magistrate Judge**
**United States District Court**

c:    Counsel
p:    00/26

August 23, 2019