IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Case No. 3:18-cv-308-DJH-LLK

*Electronically filed*

| | |
|---|---|
| CHRISTOPHER CLAYTON<br><br>    Plaintiff,<br>v.<br><br><br><br><br><br>BETTY BYRD *et al.*<br><br>    Defendants. | **PLAINTIFF'S MEMORANDUM<br>IN OPPOSITION TO DEFENDANT<br>TRI CITY ACCEPTANCE, INC.'S<br>MOTION TO COMPEL** |

    The Plaintiff, Christopher Clayton, by counsel, for his memorandum in opposition to defendants Betty Byrd's and Tri City Acceptance, Inc.'s (collectively, "***Tri City***") motion to compel the production of a 2018 confidential settlement agreement between Mr. Clayton and the law firm of Turner, Coombs & Malone, PLLC ("***TCM***"), a non-party in this action, states as follows:

I.    SUMMARY OF THE ARGUMENT

    The Court should deny Tri City's motion to compel the confidential settlement agreement between Mr. Clayton and the non-party law firm TCM for four reasons. First, the settlement agreement is irrelevant under Civil Rule 26(a) because it resolved different claims based on different statutes and predicated on different facts. There is no right to indemnification or offset under the Fair Credit Reporting Act, 15 U.S.C. § 1681. *See Brim v. Midland*, 795 F.

Supp. 2d 1255, 1265-1266 (N.D. Ala. 2011). Second, Tri City cannot meet the heightened relevancy standard generally applicable to the discovery of confidential settlement agreements. *See Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552-53 (S.D. Ind. 1999)(applying heightened standard and denying production of co-defendants' settlement agreements with plaintiff). Third, the Court should not abrogate lightly the parties' contractual right to confidentiality. *See Thomasian v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 119554, at *2 (D. Or. 2013). Fourth, the settlement agreement is inadmissible as evidence under Federal Rule of Evidence 408. Alternatively, if the Court requires disclosure, it should limit the disclosure so as to protect and maintain the confidentiality of the agreement. *Borum v. Smith*, No. 4:17-CV-00017-JHM, 2017 WL 3014487, at *4 (W.D. Ky. July 14, 2017).

Under no circumstances should the Court should award sanctions against Mr. Clayton under Civil Rule 37(a)(5). The defendants did not attempt in good faith to obtain the discovery without court action, Mr. Clayton's nondisclosure was substantially justified, and Mr. Clayton's contractual obligation to maintain confidentiality would make an award of expenses unjust. *See* Civil Rule 37(a)(5)(A).

II.     PERTINENT FACTS

The plaintiff, Christopher Clayton, contends that Betty Byrd and Tri City Acceptance, Inc., a debt collector, willfully or negligently violated the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, when on November 9, 2017, they requested and used his Trans Union credit report for an impermissible purpose, namely, to supposedly satisfy Ms. Byrd's "curiosity." Ms. Byrd, on behalf of Tri City, later gave the credit report to the law firm TCM, an affiliate at Tri City's deposition on November 27, 2017 taken in connection with a state court

litigation brought under the federal Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692, styled *Clayton v. Turner Coombs, and Malone, PLLC and Tri City Acceptance, Inc.*, cause number 16-CI-00087 (Circuit Court for Jefferson County, Kentucky)(the "**FDCPA Litigation**"). (Tri City had been a co-defendant in that state court action but agreed to a judgment under Rule 68 before obtaining the credit report). Importantly, Mr. Clayton does not contend that Ms. Byrd or Tri City unlawfully requested or used his credit report after giving it to TCM's attorney on November 27, 2017.

Thereafter, TCM used the report against Mr. Clayton, in part, to gain an advantage in the FDCPA Litigation. Later, Mr. Clayton settled his dispute with TCM and others[1] in January of 2018 via a confidential agreement. Mr. Clayton believes that he was pressured to settle his lawsuit in part because TCM had a copy of his credit report.

III.   ARGUMENT

To encourage parties to settle their disputes, there is a strong public policy in favor of protecting the confidentiality of settlement agreements. *See, e.g., Thomasian v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 119554, at *2 (D. Or. 2013); *see also*, *Flynn v. Portland Gen. Elec. Corp.*, 1989 U.S. Dist. LEXIS 11219, at *2 (D. Or. 1989). Thus, "the burden is on the requester to make a particularize and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence." *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552-53 (S.D. Ind. 1999); *Young v. State Farm Mutual Auto. Ins. Co.*, 169 F.R.D. 72, 76-79 (S.D. W. Va. 1996).

---

[1] Mr. Clayton does not identify these individuals and/or companies to maintain their privacy and to prevent embarrassment, but states that J. Allan Cobb represented their interests as counsel of record for TCM in the FDCPA Litigation.

3

1. **The Settlement Agreement is not relevant.**

Here the settlement agreement is irrelevant and not likely to lead to the discovery of admissible evidence. The agreement resolved the FDCPA Litigation between Mr. Clayton and TCM (relating to TCM's unlawful debt collection), which involved different facts and resulted in different damages. In contrast, in this case, the claims against Tri City arose in November 2017, *after* Mr. Clayton filed the FDCPA Litigation.

Although Mr. Clayton believes that TCM's use of his report unfairly pressured him to settle the FDCPA Litigation, it would seem that under the law, while Mr. Clayton may have been harmed, he should be not allowed to recover damages against Tri City for what TCM did, absent some theory of joint or vicarious liability, which he has not alleged. After all, there is no right to indemnification or offset under the Fair Credit Reporting Act, 15 U.S.C. § 1681. *See Brim v. Midland*, 795 F. Supp. 2d 1255, 1265-1266 (N.D. Ala. 2011). Thus, any claimed damages caused by TCM's use of his credit report are irrelevant to his claims against Tri City. Under the FCRA, Tri City is liable to Mr. Clayton for the damages caused by its acts or omissions and cannot reduce its liability based on a settlement with another.

2. **The Settlement Agreement is protected by a confidentiality privilege.**

The Court should deny the motion to compel because the settlement agreement is protected by a confidentiality privilege. Courts strongly disfavor infringing upon a party's freedom to make a confidential settlement agreement. *See McHann v. Firestone Tire & Rubber Co.*, 713 F.2d 161, 167 (5th Cir. 1983)(denying discovery of confidential settlement agreement, writing: "the incentive for parties to settle cases involving many plaintiffs would be undermined if their settlement with one victim could come back to haunt them in later suits.")

Under Kentucky law, the freedom of contract is held sacred and courts must not unduly interfere with the right to contract. *Mitsui Sumitomo Ins. USA, Inc. v. Denham-Blythe Co., Inc.*, 375 F. Supp. 3d 788, 791 (E.D. Ky. 2019)(citing cases). Mr. Clayton has a right to confidentiality in the agreement. Moreover, disclosing the agreement could subject Mr. Clayton to liability for breach. Thus, it is imperative that the Court protect and uphold the parties' contractual rights and privacy interests.

### 3. The Settlement Agreement is inadmissible under Federal Rule of Evidence 408.

The settlement agreement is inadmissible as evidence under Federal Rule of Evidence 408. To foster the settlement of disputes, it is imperative that settlements remain confidential. The purpose behind Fed. R. Evid. 408 is to promote "the public policy of favoring the compromise and settlement of disputes." Notes of Advisory Committee on Rules citing McCormick on Evidence §§ 76, 251. To further this purpose, courts are reluctant to compel production of confidential settlement agreements. "The strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated." *See Flynn v. PGE Corp.*, 1989 WL 112802, at *4 (D. Or. 1989); *see also*, *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993). Accordingly, the Court should deny Tri City's motion.

## IV. CONCLUSION

For the aforesaid reasons, the Court should DENY Tri City's motion to compel and deny its request for sanctions. Alternatively, the Court should enter an order protecting the privacy interests of Mr. Clayton.

Respectfully submitted,

TAYLOR COUCH PLLC

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
130 Saint Matthews Avenue, Suite 301
Louisville, Kentucky 40207
Phone: (502) 625-5000
ztaylor@taylorcouchlaw.com

*Counsel for Plaintiff Christopher Clayton*

## CERTIFICATE OF SERVICE

It is hereby certified a true and correct copy hereof will be electronically transmitted to all counsel of record on this the 9th day of October, 2019 via the Court's ECF/CM filing system.

*s/ Zachary L. Taylor*
ZACHARY L. TAYLOR